UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LESTER DOBBEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 1461 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| DONALD JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Lester Dobbey, a prisoner at Stateville Correctional Center, filed suit, *pro se*, against Defendant, Donald Johnson, alleging that Defendant used excessive force in restraining him and retaliated against him for filing a civil suit against prison staff. Presently before the Court are the parties' cross-motions for summary judgment [38], [43]. For the reasons stated in this order, both motions are denied. This matter is set for status at 9:45 a.m. on 11/14/2013. Counsel for Defendant is directed to make arrangements to make Plaintiff available for the status hearing.

**I. Background**

The Court takes the following facts from the parties' Local Rule 56.1 statements. [40], [44], [50], [52]. On cross motions for summary judgment, the Court construes all facts and inferences "in favor of the party against whom the motion under consideration is made." *In re United Air Lines, Inc.*, 453 F.3d 463, 468 (7th Cir. 2006) (quoting *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 536 (7th Cir. 2005)). The Court notes that Defendant attempts to dispute Plaintiff's factual assertions that are supported by his affidavit, citing *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001). However, that case, and several others that "suggest a plaintiff may not rely on 'self-serving' evidence to create a material factual dispute," have been overruled. *Hill v. Tangherlini*, 724

F.3d 965, 968 n.1 (7th Cir. 2013). Thus, the assertions in Plaintiff's affidavit, and those of Plaintiff's witnesses' affidavits, properly support Plaintiff's version of the events and properly dispute Defendant's version of the events (which, the Court notes, is supported largely by Defendant's equally "self-serving" affidavit, see [40] Ex. B).

Plaintiff is an Illinois state prisoner, confined at the Stateville Correctional Center at all times relevant to this action. [40] ¶ 1; [44] ¶ 1. Defendant Donald Johnson was a Stateville Correctional Lieutenant at the time of the events giving rise to this lawsuit. [40] ¶ 2; [44] ¶ 2. On May 4, 2011, this Court allowed Plaintiff to proceed with a Second Amended Complaint in Case No. 10 C 3965. [50] ¶ 3; see *Dobbey v. Randle*, Case No. 10 C 3965 (N.D. Ill., Docket # 37). Plaintiff asserts that on May 11, 2011, he received Form USM-285 summonses from the United States Marshals Service for service of Plaintiff's Second Amended Complaint in Case No. 10 C 3965 on seventeen prison officials. [44] ¶ 5 (citing Plaintiff's affidavit). Defendant denies that Plaintiff received the Form USM-285 summonses on May 11, 2011, see [50] ¶ 5, but admits that on May 11, 2011, Plaintiff completed the forms and sent them in an open envelope, addressed to the U.S. Marshals Service, for prison officials to mail. [44] ¶ 6; [50] ¶ 6. Defendant was not among the seventeen prison officials named in Plaintiff's summonses. See [44] ¶ 6; [50] ¶ 6. Plaintiff further contends, and Defendant disputes, that he also wrote a letter to the Prisoner Correspondent of the court, informing the Clerk that he had not received a previous court order. [44] ¶ 7; [50] ¶ 7.

The next day, May 12, 2011, at approximately 5:30 p.m., Plaintiff, paired with a partner, was walking back to his living quarters from the chow hall. [40] ¶ 6; [44] ¶ 8; [50] ¶ 8. The parties dispute the next events. Plaintiff asserts that Defendant, "surprisingly out of no where," "became very aggressive, irrational, and extremely belligerent," called Plaintiff out of line, and proceeded to use excessive force to handcuff him and lead him to segregation. See [44] ¶¶ 11-17. Plaintiff asserts

2

that Defendant pushed his face into a fence, threatened him with pepper spray, yanked his arms, and pushed him to the ground. See [44] ¶¶ 17-22. Plaintiff further asserts that during the course of the incident, Defendant said to him, "You like writing paperwork on people, write something on this!" [44] ¶ 19. According to Defendant, some inmates became unruly on the walk from the chow hall, prompting him to unholster his pepper spray. [40] ¶ 7. Defendant asserts that he held the pepper spray at his side and told the inmates to keep moving; he did not direct words or his pepper spray at Plaintiff. *Id.* Defendant further asserts that Plaintiff allowed a gap to be created between inmates and refused Defendant's direct order regarding the infraction. *Id.* ¶¶ 8-9. Because Plaintiff disobeyed his direct order to close the gap, Defendant "restrained the Plaintiff with handcuffs and walked Plaintiff to the segregation unit." *Id.* ¶ 10. Defendant avers that proper force was used to handcuff Plaintiff and escort him to segregation. *Id.* ¶ 11. The parties agree that Plaintiff "was not violent or threatening at any time" during his encounter with Defendant. [44] ¶ 15; [50] ¶ 15. Defendant issued Plaintiff a disciplinary ticket, [40] ¶ 10; [44] ¶ 23; [50] ¶ 23, and, after a hearing, Plaintiff was found guilty of the charges and sentenced to serve 18 days in segregation. [44] ¶¶ 26-27, 30; [50] ¶¶ 26-27, 30. Plaintiff later filed a grievance relating to the incident, and the disciplinary report was expunged from his record. See [44] ¶¶ 31-34; [50] ¶¶ 31-34.

**II.     Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the Court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The Court

3

does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

However, Fed. R. Civ. P. 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook Cnty Sheriff's Dep't*, 602 F.3d 845, 849 (7th Cir. 2010) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

**III.    Analysis**

There are several material facts that are in dispute, and neither party has established that he is entitled to judgment as a matter of law on either the excessive force claim or the retaliation claim.

**A.    Excessive Force Claim**

The core requirement that a plaintiff must prove to prevail on an excessive force claim is that the correctional officer used force not "in a good-faith effort to maintain or restore discipline," but "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Factors that are used to determine whether a correctional officer's use of force was legitimate or malicious include: (1) the need for the use of force, (2) the relationship between the need for force and the force that was applied, (3) the

4

threat reasonably perceived by the correctional officer, (4) any efforts to temper the severity of the force applied, and (5) the extent of the injuries suffered by the prisoner. *Hendrickson*, 589 F.3d at 890. However, even if the correctional officer's use of force served no good-faith disciplinary purpose, *de minimis* force does not constitute a violation of the Eighth Amendment. *Id.* Even so, a prisoner need not suffer a "serious injury" to raise an Eighth Amendment claim. *Id.* at 890-91. Notably, "summary judgment is often inappropriate in excessive force cases because the evidence surrounding the officer's use of force is often susceptible of different interpretations." *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 862 (7th Cir. 2010) (citing *Catlin v. City of Wheaton*, 574 F.3d 361, 367 (7th Cir. 2009)).

Here, Defendant argues that he used reasonable force in that he only removed his pepper spray from its holster, handcuffed Plaintiff, and walked Plaintiff to segregation because Plaintiff allowed an improper gap to form between inmates and refused Defendant's direct order. However, Plaintiff disputes that there was a need for any type of force because there was no gap between inmates and he did not refuse Defendant's direct order. Plaintiff also asserts that Defendant was belligerent; pushed, shoved, and yanked him; and caused him to fall while handcuffed, injuring his shoulder.

In light of these disputed facts, genuine issues of material fact exist as to whether Defendant used excessive force. Accordingly, both parties' motions for summary judgment as to the excessive force claim are denied.

### B. Retaliation Claim

To prevail on a claim of retaliation under the First Amendment, a plaintiff must establish that: (1) he engaged in protected activity, (2) he suffered a deprivation likely to deter a person from engaging in the protected activity in the future, and (3) his protected activity was a motivating factor

in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). It is well established that an act taken against an inmate in retaliation for his exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, otherwise would be permissible. See, *e.g.*, *id.* at 552; *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000).

Here, Plaintiff engaged in the protected activity of filing a lawsuit against several Stateville administrators and employees. See *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). A reasonable jury could find that the use of excessive force and false charges resulting in being placed in segregation were conduct that would likely deter a person from filing another lawsuit. The fact that Plaintiff subsequently filed a grievance and additional lawsuits does not necessarily establish that a "person of ordinary firmness" would not be deterred from exercising his First Amendment rights in the future. See *Bridges*, 557 F.3d at 552.

Lastly, genuine issues of material fact exist as to whether Plaintiff's previous lawsuit was a motivating factor in Defendant's conduct. Although Defendant was not a party to the earlier lawsuit, Plaintiff had just completed and placed in the prison's mail system documents related to the lawsuit the day before the incident, and it is disputed whether Defendant made the statement, "You like writing paperwork on people, write something on this!" A trier of fact could find credible Plaintiff's assertion that Defendant made this statement, and reasonably infer from it that Defendant had knowledge of Plaintiff's previous lawsuit and retaliated against him because of it. Alternatively, a trier of fact could find credible Defendant's assertion that he never made the statement, thereby eliminating any basis for retaliation. Questions of credibility are properly resolved by at trial. See, *e.g.*, *Betker v. Gomez*, 692 F.3d 854, 862 (7th Cir. 2012). Accordingly, summary judgment must be denied as to Plaintiff's retaliation claim.

**IV.     Conclusion**

For the foregoing reasons, Defendant's and Plaintiff's cross motions for summary judgment, [38] and [43], are denied. This matter is set for status at 9:45 a.m. on 11/14/2013. Counsel for Defendant is directed to make arrangements to make Plaintiff available for the status hearing.


Dated: 10/25/2013                              _____
                                                Robert M. Dow, Jr.
                                                United States District Judge